## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER JONES, | § | |
| #56782-177, | § | |
| Movant, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-0807-K |
| | § | (CRIMINAL CASE NO. 3:18-CR-043-K-5) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Movant John Christopher Jones ("Jones") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is **DENIED**.

## I.    BACKGROUND

In 2018, Jones pled guilty pursuant to a plea agreement to one count of conspiracy to interfere with commerce by robbery and two substantive counts of interference with commerce by robbery, all in violation of the Hobbs Act. The Court sentenced him to 180 months' imprisonment and a three-year term of supervised release. Crim. Doc. 282. The Court also ordered restitution in the amount of $209,374.35. Jones' direct appeal was subsequently dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). *United States v. Jones*, 772 F. App'x 67 (5th Cir. 2019) (per curiam).

In July 2020, Jones filed a timely skeletal § 2255 motion and, with the Court's permission, subsequently filed a memorandum supplementing his § 2255 motion.  Doc. 8; Doc. 14.   Jones challenges his convictions claiming there was an insufficient interstate nexus to support violations of the Hobbs Act.  Doc. 14 at 13-27.  He also claims that counsel rendered ineffective assistance in failing to raise that claim on appeal.  Doc. 14 at 27-28.  The Government filed a response opposing the § 2255 motion.  Doc. 18.

After review of all pleadings and the applicable law, the Court concludes that Jones' claims have no merit.  The § 2255 motion therefore should be denied.

## II.   ANALYSIS

### a.  Commerce-Clause Claim Lacks Merit

Jones asserts that there was an insufficient interstate nexus to support his guilty plea to violations of the Hobbs Act.  Doc. 14 at 3-4.  Relying on *United States v. Lopez*, 514 U.S. 549, 559 (1995), he contends that the intrastate robberies at issue in his case did not substantially affect interstate commerce to satisfy the Hobbs Act.   Doc. 14 at 12-13.  According to Jones, the victims of his crimes had no connection to interstate commerce and there was no showing of any illegal activity outside Texas borders.  Doc. 14 at 16, 19.

Jones' commerce-clause argument is unavailing.  The Hobbs Act proscribes robberies that affect interstate commerce "in any way or degree."  18 U.S.C. § 1951(a).

As the Supreme Court recently noted, "[t]he Act defines 'commerce' broadly as interstate commerce 'and all other commerce over which the United States has jurisdiction.'" *Taylor v. United States*, 579 U.S. 301, 302 (2016) (citing 18 U.S.C. § 1951(b)(3)).

Moreover, the Fifth Circuit Court of Appeals has long rejected the "argument that after *Lopez*, convictions under the Hobbs Act are unconstitutional unless the government proved that the defendant's conduct "substantially affected" interstate commerce." *United States v. Jennings*, 195 F.3d 795, 800 (5th Cir. 1999) (citing *United States v. Robinson*, 119 F.3d 1205, 1208 (5th Cir. 1997)); *see also United States v. Hebert*, 131 F.3d 514, 523 (5th Cir. 1997) ("[A]rgument that the Hobbs Act must be interpreted to require a substantial, rather than *de minimis*, effect on commerce . . . is foreclosed by *Robinson* and subsequent cases."). Indeed, the Hobbs Act applies whenever the offense has at least a minimal effect on interstate commerce. *Robinson*, 119 F.3d at 1208. Proof of a *de minimus* nexus to interstate commerce suffices if the offense is of a type that, repeated many times over, would have a "substantial effect" on interstate commerce. *Id.* (individual local crimes, with a slight effect on interstate commerce, may be prosecuted under the Hobbs Act if "the defendant's conduct is of a general type which, viewed in the aggregate, affects interstate commerce").

Here, Jones was one of several members of a Houston-area group who traveled to Dallas to commit "jugging" robberies.  *See* Presentence Report ("PSR") ¶¶ 10-14, Crim. Doc. 208-1 at 6-7.  The conspiracy, Jones' conduct, and the FBI investigation are summarized in details in the PSR.  *See* PSR ¶¶ 10-21.

Additionally, Jones stipulated in the factual resume that his offenses had the necessary effect on interstate commerce and were not just simple robberies of individuals.  Crim. Doc. 113.  Jones specified that the money he and his co-conspirators took from each of the individuals they robbed deprived their businesses from funds they needed to engage in interstate commerce.  *See* Crim. Doc. 113 at 3-4 (stipulating that the robbery of BP "affected and interfered with commerce by, among other things, depleting the assets of a commercial operation that is regularly engaged in interstate commerce); Crim. Doc. 113 at 4-5 (admitting that "the attempted robbery of J.A. affected and interfered with commerce by, among other things, resulting in the temporary closure of and lost sales revenue to a commercial operation regularly engaged in interstate commerce and by depleting the assets of the business").  Likewise, as to the businesses that he and his co-defendants robbed, Jones stipulated that the money taken were "intended for use in operating" each of the stores.  Crim. Doc. 113 at 5 (summarizing robberies of J&B Convenience Store, Kingsley Grocery, and E-Z Trip #9).  Jones' factual resume further detailed that "each of the enterprises victimized . .

. was regularly engaged in interstate commerce at the time of the respective robbery." Crim. Doc. 113 at 5.

Under binding Fifth Circuit precedent, these facts are sufficient to conclude that each of the robberies had the necessary impact on interstate commerce. As such, there is no merit to Jones' commerce-clause challenge.

### b. Ineffective Assistance Claim also Fails

Jones' related claim of ineffective assistance of appellate counsel—for failing to raise the commerce-clause claim on appeal and filing an *Anders* brief instead—likewise fails. For reasons previously stated, Jones' commerce-clause claim is meritless. Because Jones identifies no nonfrivolous issue that could have been raised on appeal, he cannot show that counsel rendered constitutionally ineffective assistance in failing to file a merits brief. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (finding that when the petitioner asserts appellate counsel erroneously failed to file merits brief, he must show under the *Strickland* test that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue); *Newsome v. United States,* No. 3:13–CV–4954, 2015 WL 695595, *8 (N.D.Tex. Feb.17, 2015) (finding that appellate counsel was not ineffective for filing an *Anders* brief when the movant failed to identify any non-frivolous claims). Moreover, Jones was given the opportunity in the appellate court to raise whatever claims he desired. That he had no non-frivolous issue to raise

on appeal is apparent in the appellate court's dismissal of his appeal as frivolous.

### c.  Commerce-Clause Claim is also Waived and Procedurally Barred

In addition, Jones' commerce-clause argument is waived because it does not fall within the appeal/collateral waiver in his plea agreement.  Crim. Doc. 112 at ¶ 12.  The record establishes that Jones knowingly and voluntarily entered into the plea agreement, which included the appeal waiver.  Crim. Doc. 291 at 14-15 (conceding at arraignment that he understood and voluntarily agreed to the waiver).

Furthermore, since Jones did not present the commerce-clause claim on direct appeal, it is also procedurally barred, absent a showing of cause and prejudice or that he is "actually innocent" of the crime for which he was convicted.  *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)).  As noted above, Jones cannot establish ineffective assistance of counsel on appeal and his commerce-clause claim fails on the merits.  Thus, he cannot show cause and prejudice.  Further, Jones does not suggest his actual innocence of the offenses of conviction or offer anything in his motion to meet that heavy burden. Accordingly, Jones' commerce-clause claim is also waived and procedurally barred.

## III.    CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed April 6th, 2022.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE